# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60464
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEREK MILLER, also known as St Louis,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-159-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Derek Miller appeals the sentence imposed following his guilty plea convictions for conspiracy to possess with intent to distribute cocaine and money laundering. He was sentenced to concurrent terms of 160 months of imprisonment and three years of supervised release on each count. He contends that the district court erred by applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60464

We review the district court's factual finding that § 2D1.1(b)(1) applies for clear error. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). The enhancement was based on the firearm found with $20,000 in cash in a dresser drawer in a bedroom in Miller's mother's house. Regardless of whether the $20,000 was intended to be used in a subsequent drug transaction, a preponderance of the evidence plausibly established a temporal and spatial relationship between the firearm, Miller's drug dealing, and Miller. *See id.* at 52-53. The firearm was found in the same dresser drawer as $20,000 in drug proceeds and in the same house where Miller admitted that he gave drug proceeds to his sister to store elsewhere and packaged $66,000 in drug proceeds to be used in a subsequent drug transaction. This undisputed evidence supported the district court's implicit inference that Miller possessed the firearm to protect himself and his drug proceeds. *See United States v. Vasquez*, 161 F.3d 909, 912-13 (5th Cir. 1998). The district court also did not clearly err in finding that Miller did not meet his burden of showing that it was clearly improbable that the firearm was related to his drug dealing. *See King*, 773 F.3d at 52-53.

The district court's judgment is AFFIRMED.